UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMITA BHANDARY,<br><br>Plaintiff,<br><br>v.<br><br>AGRADOOT GHATAK, et al.,<br><br>Defendants. | Case No.  26-cv-03177-PCP<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT**<br><br>Re: Dkt. Nos. 1, 2 |

Pro se plaintiff Samita Bhandary filed an application to proceed in forma pauperis—i.e., without paying the otherwise mandatory filing fee. For the reasons below, the Court grants Ms. Bhandary's application. As required by 28 U.S.C § 1915(e)(2), the Court also screens Ms. Bhandary's complaint. Because the complaint does not state a claim for relief over which the Court has subject-matter jurisdiction, the Court dismisses the case with leave to amend. Should Ms. Bhandary fail to file an amended complaint by **June 12, 2026**, the complaint shall be dismissed without further leave to amend.

**BACKGROUND**

Ms. Bhandary is suing several private individuals and local-government officials in connection with a family-law case in Santa Clara County Superior Court, which appears to involve both a child-custody dispute and a disputed divorce. Ms. Bhandary's complaint argues that two of the individual defendants (her ex-husband and roommate) intercepted or recorded her private communications without her consent. At least some of those communications allegedly involved verbal conversations in Ms. Bhandary's own home. The complaint also alleges that the official-capacity defendants have relied, and continue to rely, on those unlawfully intercepted communications in adjudicating the state-court matter.

Ms. Bhandary's complaint asserts a claim against the private-individual defendants under

the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, based on those defendants' alleged interception of her communications. Ms. Bhandary also asserts a claim against the official-capacity defendants under 42 U.S.C. § 1983 for alleged violations of her constitutional rights. Specifically, she alleges that the official-capacity defendants' reliance on unlawfully intercepted communications to make child-custody determinations violates her privacy rights under the Fourth Amendment and her due-process and parental rights under the Fourteenth Amendment. While Ms. Bhandary seeks damages from the private-individual defendants, she asks the Court only for prospective relief with respect to the official-capacity defendants.

Ms. Bhandary has also filed an application to proceed in forma pauperis.

### LEGAL STANDARD

28 U.S.C. § 1915 permits a court to authorize a plaintiff to proceed in forma pauperis if the plaintiff shows that they cannot afford the fees necessary to pursue an action. See 28 U.S.C. § 1915(a)(1). The Court, however, must screen every civil action brought in forma pauperis under § 1915 and must dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The Court must also dismiss any claim over which the Court lacks subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

### ANALYSIS

**I.      Ms. Bhandary's application to proceed in forma pauperis is granted.**

Ms. Bhandary's application to proceed in forma pauperis establishes that she is unable to pay the Court's filing fee due to a lack of employment, savings, or other financial resources. Pursuant to 28 U.S.C. § 1915(a)(1), the Court therefore grants her application to proceed in forma pauperis.

**II.     Ms. Bhandary's complaint is dismissed with leave to amend.**

Because Ms. Bhandary is proceeding in forma pauperis, the Court must screen her complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint if it

United States District Court
Northern District of California

fails to state a viable claim for relief, *id.* § 1915(e)(2)(B), or fails to demonstrate a basis for the Court to exercise subject-matter jurisdiction, *Pratt*, 807 F.2d at 819.[1] Here, Ms. Bhandary's complaint does not state any viable claim over which this Court has subject-matter jurisdiction, requiring dismissal.

### A.    Ms. Bhandary's wiretap claim fails to allege "interception."

Ms. Bhandary asserts that certain defendants unlawfully intercepted her private communications without her consent in violation of the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* As currently pleaded, this claim fails for two reasons.

First, prohibited "interceptions" under the Wiretap Act are limited to the "acquisition of the contents of any wire, electronic, or oral communication *through the use of any electronic, mechanical, or other device.*" *Id.* § 2510(4) (emphasis added). Ms. Bhandary's complaint does not specify how defendants intercepted her communications—she merely alleges that one defendant engaged in "non-consensual interception, recording, and retention of [her] private communications within her personal living space" and that another defendant similarly "access[ed] and record[ed] [her] communications without authorization." So the complaint does not contain sufficient allegations to conclude that any defendant engaged in prohibited "interception."

Second, the Wiretap Act provides that "[i]t shall not be unlawful ... for a person ... to intercept a wire, oral[,] or electronic communication where such person is a party to the communication." *Id.* § 2511(2)(d). Ms. Bhandary's complaint does not allege that the defendants who allegedly intercepted her communications were not parties to those communications. And it appears that, for at least one of the communications at issue, the intercepting defendant *was* a party. Ms. Bhandary alleges that she "was detained following a minimal communication *directed at the Defendant Padilla*" and seeks to challenge the unlawful recording of that communication.

For these reasons, Ms. Bhandary fails to state a viable claim for relief under the Wiretap Act, and the Court must dismiss the claim.

---

[1] Indeed, because the Court must always ascertain the presence of subject-matter jurisdiction, it would be required to conduct this inquiry even in the absence of an application to proceed in forma pauperis. *Arbaugh*, 546 U.S. at 514.

United States District Court
Northern District of California

**B.     The Court lacks jurisdiction over Ms. Bhandary's § 1983 claim because she has not established standing to pursue the purely prospective relief she seeks.**

Ms. Bhandary also asserts a claim against the official-capacity defendants under 42 U.S.C. § 1983 for alleged violations of her privacy, due-process, and parental rights under the Fourth and Fourteenth Amendments to the United States Constitution. Because Ms. Bhandary has not established standing to pursue the relief she seeks under § 1983, the Court must dismiss this claim for lack of subject-matter jurisdiction.

To avoid certain limitations on federal-court intervention in state-court cases, *see Seattle Pac. Univ. v. Ferguson*, 104 F.4th 50, 64 (9th Cir. 2024) (describing the *Rooker-Feldman* and *Younger* abstention doctrines), Ms. Bhandary asserts that she "does not seek to appeal, reverse, or modify any [existing] state court judgment" and "does not seek to interfere with any ongoing state proceeding." Accordingly, her complaint seeks no retrospective relief. Instead, Ms. Bhandary asks the Court only for "declaratory and prospective relief clarifying that" the official-capacity defendants' reliance upon certain communications "violates federal law and constitutional protections." Ms. Bhandary hopes such forward-looking relief will "address the ongoing consequences of [defendants'] unlawful conduct."

To bring suit in federal court, a plaintiff must establish that she has "such a personal stake in the outcome of the controversy as to warrant h[er] invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citation modified). This requirement is called "[t]he doctrine of standing." *Id.* Critically, "[a] plaintiff must demonstrate standing separately for each form of relief sought." *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 185 (2000)). "Thus, a plaintiff who has standing to seek damages for a past injury …, does not necessarily have standing to seek prospective relief." *Id.* To seek prospective relief, like the relief requested by Ms. Bhandary, "a plaintiff must show that [s]he is under threat of suffering 'injury in fact' that is concrete and particularized[.]" *Summers*, 555 U.S. at 493. "[T]he threat must be actual and imminent, not conjectural or hypothetical[.]" *Id.* It also "must be fairly traceable to the challenged action of the defendant[,] and it must be likely that a favorable judicial decision will prevent or redress the injury." *Id.*

United States District Court
Northern District of California

Here, Ms. Bhandary's complaint does not establish standing to pursue the prospective relief she seeks. That is because the allegations in the complaint focus entirely on past events. The complaint provides no basis to conclude that any defendant will continue intercepting Ms. Bhandary's communications or that the official-capacity defendants will continue relying on such communications in ways that violate her protected privacy, due-process, or parental rights. Absent allegations establishing a concrete and particularized threat of imminent future harm, rather than the mere existence of past injury, Ms. Bhandary cannot demonstrate standing. The Court therefore lacks jurisdiction to adjudicate, and must dismiss, her claim under § 1983 for prospective relief.

### FEDERAL PRO SE PROGRAM

The San Jose Courthouse's Federal Pro Se Program provides free information and limited scope legal advice to civil litigants proceeding in forma pauperis. This service is free. The Federal Pro Se Program is available by phone appointment at (408) 297-1480, and the Court's webpage includes additional online resources: http://www.cand.uscourts.gov/pro-se-litigants/.

### CONCLUSION

For the foregoing reasons, the Court grants Ms. Bhandary's application for leave to proceed in forma pauperis (Dkt. No. 2). The Court also screens and dismisses Ms. Bhandary's complaint with leave to amend. The amended complaint must be filed by no later than **June 12, 2026**. Failure to file an amended complaint by that date shall result in the dismissal of this case without further leave to amend, including the dismissal of Ms. Bhandary's wiretap claim with prejudice.

**IT IS SO ORDERED.**

Dated: April 30, 2026

P. Casey Pitts
United States District Judge