United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMITA BHANDARY,

Plaintiff,

v.

AGRADOOT GHATAK, et al.,

Defendants.

Case No.  26-cv-03177-PCP

**ORDER SCREENING COMPLAINT AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

Re: Dkt. Nos. 10, 11

Pro se plaintiff Samita Bhandary is proceeding in forma pauperis—that is, without having paid the Court's usual filing fee. As required by 28 U.S.C § 1915(e)(2), the Court previously screened her complaint and dismissed it for failure to state any claim for relief over which the Court has subject-matter jurisdiction. Ms. Bhandary then filed an amended complaint and a request for appointment of counsel. Having reviewed the amended complaint, the Court finds that it satisfies the § 1915(e)(2) requirements. The Court therefore authorizes issuance of the summons and service of Ms. Bhandary's complaint and the summons upon defendants. But because Ms. Bhandary has not demonstrated that this is the rare case in which appointment of counsel is appropriate, the Court denies her request for appointed counsel.

## BACKGROUND

Ms. Bhandary sues several private individuals and local-government officials in connection with a family-law proceeding in Santa Clara County Superior Court, which appears to involve a child-custody dispute and a disputed divorce. Ms. Bhandary's amended complaint argues that two of the individual defendants intercepted or recorded her private communications without her consent. The complaint also alleges that the official-capacity defendants have relied, and continue to rely, on those unlawfully intercepted communications in adjudicating the state-court matter.

Ms. Bhandary's amended complaint asserts a claim against the private-individual defendants for violations of the Federal Wiretap Act, 18 U.S.C. §§ 2510–2520, based on those defendants' alleged interception of her communications. She also asserts a common-law claim against the private-individual defendants for intrusion upon seclusion, as well as a claim for "civil conspiracy," based on their recording of her private communications and their subsequent disclosure of such materials for use in the family-court proceeding and related matters. Finally, Ms. Bhandary asserts a claim against the official-capacity defendants under 42 U.S.C. § 1983 for alleged violations of her constitutional rights. Specifically, she alleges that the official-capacity defendants' reliance on unlawfully intercepted communications in state-court proceedings violates her "parental, liberty, privacy, legal, and constitutional" rights. While Ms. Bhandary seeks damages from the private-individual defendants, she asks the Court only for prospective relief with respect to the official-capacity defendants.

## ANALYSIS

### I.      Ms. Bhandary's complaint satisfies the § 1915(e)(2) screening requirements.

Where, as here, the Court has authorized a plaintiff to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2) requires that the Court screen the plaintiff's complaint. The Court "shall dismiss the case" if it determines that "the action … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Here, nothing on the face of the amended complaint suggests that this case is frivolous or malicious, and Ms. Bhandary does not seek monetary relief from any of the official-capacity defendants who might be immune from such relief. The only question, then, is whether the amended complaint "state[s] *a* claim on which relief may be granted"—that is, whether Ms. Bhandary has alleged even one cognizable claim. 28 U.S.C. § 1915(e)(2)(B); *see Jackson v. Telus Int'l (US) Corp.*, No. 2:26-CV-00337, 2026 WL 782440, at *1 n.1 (D. Nev. Mar. 18, 2026) ("[I]t suffices to survive screening that Plaintiff has stated one claim."). The answer is yes: Ms. Bhandary has stated at least one viable claim for wiretapping.

The Federal Wiretap Act, 18 U.S.C. §§ 2510–2520, "is designed to prohibit all wiretapping

and electronic surveillance by persons other than duly authorized law enforcement officials engaged in investigation of specified types of major crimes." *Greenfield v. Kootenai County*, 752 F.2d 1387, 1388 (9th Cir. 1985) (citation modified). Section 2511(1)(a) prohibits "intentionally intercept[ing] … any wire, oral, or electronic communication." *Id.* § 2511(1)(a). For the purposes of the Wiretap Act, "interception[]" requires "the use of an[] electronic, mechanical, or other device." *Id.* § 2510(4). The Wiretap Act also imposes liability on any person who "intentionally discloses" to "any other person the contents of any wire, oral, or electronic communication" while "knowing or having reason to know that the information was obtained through the [unlawful] interception." *Id.* § 2511(1)(c).

Here, Ms. Bhandary alleges that defendant Catalina Padilla "set up a recording device to capture [Ms. Bhandary's] telephone conversations," in which Ms. Padilla "was not a participant." Construing this allegation liberally due to Ms. Bhandary's pro se status, the Court concludes that this allegation supports a cognizable claim for a violation of § 2511(1)(a), as it suggests that Ms. Padilla acted intentionally to use an "electronic, mechanical, or other device" to acquire the content of Ms. Bhandary's oral telephone conversations. *See id.* § 2511(1)(a); 2510(4). Further, the amended complaint alleges that defendant Agradoot Ghatak "subsequently circulated communications … obtained from [Ms.] Padilla" to various official-capacity defendants and other participants in the state-court proceeding. Again construing Ms. Bhandary's complaint liberally, this allegation states a claim against Mr. Ghatak under § 2511(1)(c), as it suggests that he acted intentionally in disclosing the contents of Ms. Bhandary's telephone conversations, likely knowing that Ms. Padilla had recorded those conversations illicitly.

Having stated a cognizable wiretapping claim, Ms. Bhandary is entitled to proceed with this action past the screening stage. Because the Court "screens the complaint without the benefit of the adversarial process," however, "[n]othing in this order should be construed as precluding the filing of a motion to dismiss" any of Ms. Bhandary's claims, including the wiretapping claim. *Jackson*, 2026 WL 782440, at *1 n.1.

3

United States District Court
Northern District of California

**II.    The Court denies Ms. Bhandary's request for appointment of counsel.**

Ms. Bhandary, who is proceeding pro se, requests that the Court appoint pro bono counsel to represent her pursuant to 28 U.S.C. § 1915(e)(1). "Counsel should only be appointed under 28 U.S.C. § 1915(e)(1) in 'exceptional circumstances,' which requires a consideration of the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate the claims pro se." *Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir. 2016) (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)). This case does not present "the rare 'exceptional circumstances' that warrant the appointment of pro bono counsel." *Id.* Most of "[t]he facts [Ms. Bhandary] allege[s] and the issues [s]he raise[s]"—like the alleged wiretapping by Padilla and the invasion of Ms. Bhandary's privacy through the disclosure of Padilla's recordings—"[a]re not of substantial complexity." *Terrell*, 935 F.2d at 1017. Indeed, as explained above, Ms. Bhandary has stated a cognizable wiretapping claim against Padilla, showing her "sufficient writing ability and legal knowledge to articulate [that] claim." *Id.* Ms. Bhandary's only substantially complex claim is her claim under § 1983 seeking prospective relief for alleged constitutional violations arising from the use of certain materials in family-court proceedings concerning the custody of Ms. Bhandary's child. But that claim is very unlikely to succeed because federal district courts "generally are prohibited from interfering in issues of domestic relations," including "issues involving child custody," and doing so here would likely contravene limits on the Court's authority to hear collateral challenges to state-court decisions or pending state-court proceedings. *See Jasso v. Brooks*, No. 6:25-CV-1712-MC, 2025 WL 2781747, at *1 (D. Or. Sept. 30, 2025) (describing the domestic-relations exception, *Rooker-Feldman* doctrine, and *Younger* abstention). Given Ms. Bhandary's low likelihood of success on her § 1983 claim even with the benefit of representation, that claim does not warrant appoint of counsel either. *See Hulstedt v. Bonta*, No. 23-CV-02003, 2023 WL 5022277, at *2 (N.D. Cal. July 26, 2023).

**RESOURCES FOR SELF-REPRESENTED LITIGANTS**

The Court advises Ms. Bhandary that, as a free service to self-represented civil litigants, the Federal Pro Se Program at the San José courthouse provides free information and limited-scope legal advice. The Federal Pro Se Program is available by phone appointment at (408) 297-

United States District Court
Northern District of California

1480. There are also online resources available on the Court's webpage. The Pro Se Handbook, found at http://www.cand.uscourts.gov/pro-se-litigants/, has a downloadable version of the Court's publication: Representing Yourself in Federal Court: A Handbook for Pro Se Litigants.

## CONCLUSION

For the foregoing reasons, the Court finds that Ms. Bhandary's complaint satisfies the 28 U.S.C. § 1915 screening requirements. Accordingly, the Clerk of Court shall issue the summons, and the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, attachments, and this Order upon defendants. Ms. Bhandary's request for appointment of counsel is DENIED.

**IT IS SO ORDERED.**

Dated: June 30, 2026

P. Casey Pitts
United States District Judge